# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**BENAI PADILLA**,

      Plaintiff,

    vs.                           No. 07cv933 MCA/ACT

**BOARD OF COMMISSIONERS
OF BERNALILLO COUNTY and
CINDY ROMERO,**

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on *Plaintiff's Motion to Review Taxation of Costs* [Doc. 100], filed April 7, 2010.  Having considered the parties' submissions, the relevant law, and otherwise being fully advised in the premises, the Court defers a ruling on the motion and directs Defendant, Cindy Romero, to resubmit her Itemized Bill of Costs, as directed more specifically herein.

## I. BACKGROUND

On February 8, 2010, this Court, contemporaneously with its entry of summary judgment in favor of Defendants, entered a final judgment in this 42 U.S.C. § 1983 action. [See Docs. 88, 89].  Thereafter, on March 4, 2010, Defendant Cindy Romero filed a bill of costs, claiming, among other amounts, $767.89 in photocopy expenses associated with obtaining what she contended were documents that were reasonably necessary for use in the case. [Doc. 90 at 1-2].  Plaintiff, Benai Padilla, did not oppose or otherwise respond to the bill of costs and, on March 31, 2010, the Clerk of Court entered an order settling costs and

taxing the amount of $1,191.60 against Ms. Padilla and in favor of Ms. Romero. [See Doc. 96].

On April 7, 2010, Ms. Romero filed the motion for review that is now before the Court, arguing that Ms. Romero has failed to (1) comply with local rules of this District pertaining to a party seeking an award of costs; and (2) establish her entitlement to reimbursement for the thousands of pages of copies that she claims, given that she attached fewer than 50 pages' worth of exhibits to her summary-judgment motion. [See Doc. 100 at 1-3].

## II. ANALYSIS

Rule 54 of the Federal Rules of Civil Procedure provides, in pertinent part, that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party. Fed.R.Civ.P. 54(d)(1). While the decision to award or deny costs remains within the district court's discretion, Rule 54 creates a presumption that costs will be awarded, and "[t]hus the established rule is that costs are generally awarded to the prevailing party." Rodriguez v. Whiting Farms, Inc., 360 F.3d 1180, 1190 (10th Cir. 2004).

The Tenth Circuit has explained that "a civil rights litigant should look to the general federal statutory entitlement for court costs under [28 U.S.C.] § 1920." English v. Colorado Dept. of Corrs., 248 F.3d 1002, 1012 (10th Cir. 2001). That statutory section allows for "[a] judge or clerk of any court of the United States [to] tax as costs . . . fees for exemplification and copies of papers necessarily obtained for use in the case. . . ." 28 U.S.C. § 1920(4).

2

Local Rule 54 works in conjunction with Fed.R.Civ.P. 54, as well as § 1920, which reads as follows:

> A motion to tax costs must be filed and served on each party within thirty (30) days of entry of judgment. Failure to file and serve within this time period constitutes waiver of a claim to costs. The motion must comply with the requirements of D.N.M.LR-Civ. 7. and must include:
> • an itemized cost bill documenting costs and including receipts as required by rule or statute; and
> • a party's affidavit that the costs are allowable by law, correctly stated and necessary to the litigation.

D.N.M.LR-Civ. 54.1.

In <u>Callicrate v. Farmland Indus., Inc.</u>, the Tenth Circuit considered when an item is "necessarily obtained for use in the case[:]"

> "Necessarily obtained" does not mean that the materials obtained added to the convenience of the parties or made the task of the trial judge easier, and the "most direct evidence of 'necessity' is the actual use of materials obtained by counsel or by the court." However, if materials are reasonably necessary for use in the case although not used at trial, the court is nonetheless empowered to find necessity and award costs.

<u>Callicrate v. Farmland Indus., Inc.</u>, 139 F.3d 1336, 1340 (10th Cir. 1998) (internal citations omitted).  Additionally, "it is ordinarily best to judge reasonable necessity under § 1920 in light of the facts known to the parties at the time the expenses were incurred. . . ." <u>Id.</u>

In this case, Ms. Padilla contends that "[i]t is wholly unclear from the Bill of Costs submitted by defendant Romero that the photocopies for which she seeks reimbursement were necessary for presentation of her summary judgment case, or were merely created for convenience, preparation, research or for the records of her counsel." [Doc. 100 at 4].  For

3

her part, Ms. Romero argues that the March 31, 2010 order of the Clerk settling costs should stand because Ms. Padilla's failure to file a response to the itemized bill of costs[1] constituted consent to grant the motion pursuant to Local Rule 7.1(b). [See Doc. 101 at 2; see also D.N.M.LR-Civ. 7.1(b) ("The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion.")].

This Court will not fault Ms. Padilla for not responding to a pleading that was itself not filed according to this District's Local Rules.  To be sure, Local Rule 54.1, which is titled "*Motion to Tax Costs*[,]" provides:

> A *motion* to tax costs must be filed and served on each party within thirty (30) days of entry of judgment. Failure to file and serve within this time period constitutes waiver of a claim to costs. The *motion* must comply with the requirements of D.N.M.LR-Civ. 7. and must include:
> • an itemized cost bill documenting costs and including receipts as required by rule or statute; and
> • a party's affidavit that the costs are allowable by law, correctly stated and necessary to the litigation.

D.N.M.LR-Civ. 54.1 (emphasis added).  As an initial matter, the Court notes that Ms. Romero's Bill of Costs was not captioned, filed, or docketed as a motion, as Local Rule 54.1 requires. [See Doc. 90].  Instead, this document is captioned "*Defendant Romero's Itemized Bill of Costs*," and the explanatory text accompanying the filing states simply, "BILL OF COSTS by Cindy Romero." [See id.; see also "Docket Text" of 03/04/2010 filing].  Additionally, and more importantly, Ms. Romero's Bill of Costs does not include "an

---

[1] Ms. Padilla does not dispute that she did not file a response to Ms. Romero's Bill of Costs. [See Doc. 100 at 2].

4

*affidavit* that the costs are allowable by law, correctly stated and necessary to the litigation."
D.N.M.LR-Civ. 54.1 (emphasis added).  Instead, following the list of claimed expenses, there
appears the following statement: "The above costs were reasonable, necessary, and correctly
stated." [Doc. 90 at 3].

From *Defendant Romero's Itemized Bill of Costs*, as it currently appears, it is not
possible for the Court to discern whether the claimed copying costs were reasonable and the
copies necessarily obtained for use in this case.  See <u>Callicrate</u>, 139 F.3d at 1340; <u>see also</u>
D.N.M.LR-Civ. 54.1.  For this reason, the Court will defer its ruling on Ms. Padilla's motion
for review, and direct Ms. Romero to resubmit her itemized bill of costs, explaining, *with
particularity*, how the claimed copying expenses were reasonable and the copies necessarily
obtained for use in this case.  In compliance with Local Rule 54.1, Ms. Romero shall also
submit an affidavit that the claimed costs are allowable by law, correctly stated and, once
again, necessary to the litigation.  See D.N.M.LR-Civ. 54.1.

## III. CONCLUSION

For the reasons set forth more fully above, the Court will defer its ruling on Ms.
Padilla's motion for review until such time as Ms. Romero establishes that the claimed
copying costs were reasonable and the copies necessarily obtained for use in this case.

**IT IS, THEREFORE, ORDERED** that a ruling on *Plaintiff's Motion to Review
Taxation of Costs* [Doc. 100] is **DEFERRED**;

**IT IS FURTHER ORDERED** that Defendant Cindy Romero shall resubmit her
Itemized Bill of Costs, explaining with particularity how the claimed copying costs were

reasonable and the copies necessarily obtained for use in this case;

**IT IS FURTHER ORDERED** that Defendant Cindy Romero, in compliance with Local Rule 54.1, shall also submit an affidavit that the claimed costs are allowable by law, correctly stated,  and necessary to the litigation.

**IT IS FURTHER ORDERED** that Defendant Cindy Romero shall submit the above-described filings not later than ten (10) calendar days from the entry on the docket of this *Memorandum Opinion and Order*.

**SO ORDERED** this 11th day of May, 2010, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
United States District Judge