IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**BENAI PADILLA**,

    Plaintiff,

vs.                                                    No. 07cv933 MCA/ACT

**BOARD OF COMMISSIONERS
OF BERNALILLO COUNTY and
CINDY ROMERO,**

    Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on *Plaintiff's Motion to Review Taxation of Costs* [Doc. 100], filed April 7, 2010, and *Defendant Romero's Amended Motion to Tax Costs and Itemized Bill of Costs* [Doc. 105], filed May 20, 2010.  Having considered the parties' submissions, the relevant law, and otherwise being fully advised in the premises, the Court grants both motions.

**I. BACKGROUND**

On February 8, 2010, this Court, contemporaneously with its entry of summary judgment in favor of Defendants, entered a final judgment in this 42 U.S.C. § 1983 action. [See Docs. 88, 89].  Thereafter, on March 4, 2010, Defendant Cindy Romero filed a bill of costs, claiming, among other amounts, $767.89 in photocopy expenses associated with obtaining what she contended were documents that were reasonably necessary for use in the case. [Doc. 90 at 1-2].  Plaintiff did not oppose or otherwise respond to the bill of costs and,

on March 31, 2010, the Clerk of Court entered an order settling costs and taxing the amount of $1,191.60 against Plaintiff and in favor of Ms. Defendant Romero. [See Doc. 96].

On April 7, 2010, Plaintiff filed a motion to review, arguing, in pertinent part, that Defendant Romero failed to establish her entitlement to reimbursement for the thousands of pages of copies that she claimed, given that she attached fewer than 50 pages' worth of exhibits to her summary-judgment motion. [See Doc. 100 at 1-3].

Once the issue was fully briefed, this Court, on May 11, 2010, entered a *Memorandum Opinion and Order* deferring a ruling on Plaintiff's motion and directing Defendant Romero to resubmit her Itemized Bill of Costs. She was directed to explain, with particularity, how the claimed copying expenses were reasonable, and the copies necessarily obtained for use in this case. She also was instructed to submit an affidavit that the claimed costs were (1) are allowable by law, (2) correctly stated, and (3) necessary to the litigation. [See Doc. 104 at 5]. Defendant Romero has complied with the Court's directive, filing the amended motion that is now before the Court. [See generally Doc. 105].

## II. ANALYSIS

Rule 54 of the Federal Rules of Civil Procedure provides, in pertinent part, that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party. Fed.R.Civ.P. 54(d)(1). While the decision to award or deny costs remains within the district court's discretion, Rule 54 creates a presumption that costs will be awarded, and "[t]hus the established rule is that costs

are generally awarded to the prevailing party." Rodriguez v. Whiting Farms, Inc., 360 F.3d 1180, 1190 (10th Cir. 2004).

Our Tenth Circuit has explained that "a civil rights litigant should look to the general federal statutory entitlement for court costs under [28 U.S.C.] § 1920." English v. Colorado Dept. of Corrs., 248 F.3d 1002, 1012 (10th Cir. 2001). That statutory section allows for "[a] judge or clerk of any court of the United States [to] tax as costs . . . fees for exemplification and copies of papers necessarily obtained for use in the case. . . ." 28 U.S.C. § 1920(4). Local Rule 54 works in conjunction with Fed.R.Civ.P. 54, as well as § 1920, which reads as follows:

> A motion to tax costs must be filed and served on each party within thirty (30) days of entry of judgment. Failure to file and serve within this time period constitutes waiver of a claim to costs. The motion must comply with the requirements of D.N.M.LR-Civ. 7. and must include:
> •   an itemized cost bill documenting costs and including receipts as required by rule or statute; and
> •   a party's affidavit that the costs are allowable by law, correctly stated and necessary to the litigation.

D.N.M.LR-Civ. 54.1.

In Callicrate v. Farmland Indus., Inc., the Tenth Circuit considered when an item is "necessarily obtained for use in the case[:]"

> "Necessarily obtained" does not mean that the materials obtained added to the convenience of the parties or made the task of the trial judge easier, and the "most direct evidence of 'necessity' is the actual use of materials obtained by counsel or by the court." However, if materials are reasonably necessary for use in the case although not used at trial, the court is nonetheless empowered to find necessity and award costs.

3

Callicrate v. Farmland Indus., Inc., 139 F.3d 1336, 1340 (10th Cir. 1998) (internal citations omitted). Additionally, "it is ordinarily best to judge reasonable necessity under § 1920 in light of the facts known to the parties at the time the expenses were incurred. . . ." Id.

In her motion to review the taxation of costs, Plaintiff contends that "[i]t is wholly unclear from the Bill of Costs submitted by defendant Romero that the photocopies for which she seeks reimbursement were necessary for presentation of her summary judgment case, or were merely created for convenience, preparation, research or for the records of her counsel." [Doc. 100 at 4]. In its May 11, 2010, *Memorandum Opinion and Order*, this Court noted that, in contravention of Local Rule 54.1, Ms. Romero's bill of costs failed to include "an affidavit that the costs [were] allowable by law, correctly stated and necessary to the litigation." [See Doc. 104 at 4-5; see also D.N.M.LR-Civ. 54.1]. Instead, explained the Court, following the list of claimed expenses there appeared the conclusory assertion that the costs in question were reasonable, necessary, and correctly stated. [See Doc. 104 at 5]. The Court deferred a ruling on Ms. Padilla's motion for review, pending Ms. Romero's compliance with the directives set forth more fully above. [See generally Doc. 104].

As an initial matter, the Court notes that, although the Clerk of Court taxed copy, deposition, and records-requests costs, Ms. Padilla objected to—and sought review and vacatur of—the $767.89 in photocopy costs only. [See generally Docs. 100, 102]. Accordingly, to the extent that the Clerk of Court taxed deposition and records-requests costs in the amount of $423.72, the *Clerk's Order Settling Costs for Cindy Romero* will stand. [See Doc. 96].

In her amended motion, Ms. Romero has included a detailed chart that sets forth the date, description, provider, and amount of the photocopy costs claimed. She has reduced her total amount of photocopy costs from $767.89 to $481.09, and has attached copies of invoices showing payments made for copying services. [See Doc. 105 at 3-4; attached invoices]. Defendant Romero also has attached an affidavit through which her attorney attests that the costs detailed in the amended motion and itemized bill of costs are allowable by law, as well as reasonable, necessary, and correctly stated. Plaintiff did not file a response to the amended motion and she has not contested the newly calculated amount claimed for copying costs by any other means.

## III. CONCLUSION

Accordingly, given that (1) Defendant Romero's amended motion is accompanied by receipts, invoices, and other documentation supporting her claimed copying costs; (2) counsel for Ms. Romero has sworn in an affidavit that the costs in question are allowable by law, and reasonable, necessary, and correctly stated; and (3) Plaintiff has not objected to or otherwise contested the newly calculated claimed amounts, the Court concludes that Defendant Romero is entitled to recover costs in the total amount of $904.80.

**IT IS, THEREFORE HEREBY ORDERED** that *Plaintiff's Motion to Review Taxation of Costs* [Doc. 100] is **GRANTED**;

**IT IS FURTHER ORDERED** that *Defendant Romero's Amended Motion to Tax Costs and Itemized Bill of Costs* [Doc. 105] is **GRANTED**;

**IT IS FURTHER ORDERED** that costs in the total amount of $904.80 shall be taxed against Plaintiff Benai Padilla, in favor of Defendant Cindy Romero.

**SO ORDERED** this 7th day of March, 2011, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
United States District Judge